IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS COBBS., | : | 4:CV-06-1856 |
| Plaintiff, | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| JUDGE NANCY BUTTS, | : | |
| JUDGE DUDLEY ANDERSON, | : | |
| JUDGE KENNETH D. BROWN, | : | |
| Defendants. | : | |

## MEMORANDUM

### November 8, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion of Judicial Defendants, Nancy Butts, Dudley Anderson and Kenneth D. Brown (collectively "the Judicial Defendants"), to Dismiss Plaintiff's Complaint (doc. 7) filed on October 17, 2006.

For the following reasons, the Motion (doc. 7) will be granted.

**PROCEDURAL HISTORY**:

*Pro se* Plaintiff Thomas Cobbs ("Plaintiff") filed this action on September 20, 2006 by filing a complaint (doc. 1) with this Court against the above-referenced Defendants. On September 25, 2006, the Plaintiff's application to proceed *in forma pauperis* was granted (doc. 4) and service of the complaint was ordered.

On October 17, 2006, the Defendants filed the pending Motion with accompanying brief in support.  Plaintiff's brief in opposition was due on November 1, 2006.  To date, no brief has been filed by the Plaintiff, nor has the Plaintiff filed any requests for enlargement of time within which to file an opposing brief.  Pursuant to Local Rule 7.6, if a non-moving party fails to file an opposing brief as required under the Local Rules, the non-moving party shall be deemed as not to oppose the motion.  Accordingly, while we may grant the Motion as unopposed, for the sake of completeness, we shall undertake a brief analysis of the merits of the Motion.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d3 310 (3d Cir. 1986).

**<u>DISCUSSION</u>**:

    **A.**    **<u>Factual Background</u>**

Plaintiff has filed this 42 U.S.C. § 1983 suit against three Judges of the Court of Common Pleas of Lycoming County, Pennsylvania, who presided over a case within which Plaintiff was a party. Plaintiff alleges that the Judges were "biased," resulting in "illegal court orders." (Rec. Doc. 1 at ¶3). Plaintiff seeks to "vacate all decisions and orders" (doc. 1 at ¶3) and seeks "seven million dollars and punitive damages in this landlord tenant action." (Rec. Doc. 1 at ¶3).

    **B.**    **<u>Merits Analysis of the Motion</u>**

The Judicial Defendants move this Court to dismiss this action against them on two separate grounds; first, because this Court lacks jurisdiction to review state court adjudications and second, because the Judicial Defendant are immune from this suit for damages. We shall discuss each argument in turn.

Plaintiff brings the instant action to challenge the Judicial Defendants' handling of his state court case in the Court of Common Pleas of Lycoming County. However, and as noted by the Judicial Defendants, federal district courts

do not have jurisdiction over what are, in essence, appeals from state court adjudications, Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), or over claims which are, in essence, appeals because the claims are "inextricably intertwined" with a state courts' judgment.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983).

Although the Plaintiff so desires, this Court has no jurisdiction to "vacate" the decision of the Court of Common Pleas of Lycoming County.  A review of Plaintiff's complaint indicates that it, in great detail, challenges state court rulings.  This case easily falls within the "paradigm situation in which Rooker-Feldman precludes a district court from proceeding," E.B. v. Verniero, 119 F.3d 1077, 1090-1091 (3d Cir. 1997), inasmuch as it is a "losing party in state court fil[ing] suit in federal court after the state proceedings ended, complaining of an injury caused by the state court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291 (2005).  Accordingly, this Court lacks the jurisdiction to grant Plaintiff the relief he seeks.

The Judicial Defendants argue that under the Eleventh Amendment this Court does not have jurisdiction over the Court of Common Pleas, or other Judges in their official capacity.  The Eleventh Amendment of the United States Constitution bars suit against a state and its entities regardless of the relief sought.

See Alabama v. Pugh, 438 U.S. 781 (1978); see also, Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996).  The Eleventh Amendment also bars suit whenever "the state is the real, substantial party in interest."  Edelman v. Jordan, 415 U.S. 651, 663 (1974).   Moreover, while state officials can be sued for alleged civil rights violations in their individual capacity, the Eleventh Amendment bars suit against them in their official capacity, essentially because it is a suit against the state itself.  Kentucky v. Graham, 473 U.S. 159, 166-168 (1985).  The Judicial Defendants argue, and we agree, that a suit in federal court against state officials in their official capacities is barred by the Eleventh Amendment of the United States Constitution because it is a suit against the State.  Accordingly, the Eleventh Amendment renders the Judicial Defendants immune from this suit.

**CONCLUSION**:

    For the reasons stated herein, we shall grant the pending Motion and dismiss the action as against them.  An appropriate Order will issue.